## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| SHARON L. SUTTON | * | |
| | * | |
| v. | * | Civil Case No. MJG-16-913 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\***

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix).  I have considered the parties' cross-motions for summary judgment.  [ECF Nos. 11, 16].  I find that no hearing is necessary.  *See* Loc. R. 105.6 (D. Md. 2016).  This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards.  42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987).  For the reasons set forth below, I recommend that Ms. Sutton's motion be denied, that the Commissioner's motion be granted, and that the Commissioner's judgment be affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Sutton filed an application for Disability Insurance Benefits ("DIB") on August 28, 2012, alleging that her disability began on May 28, 2010.  (Tr. 115-17).  Her application was denied initially on December 20, 2012, and on reconsideration on May 15, 2013.  (Tr. 48-56, 58-68).  An Administrative Law Judge ("ALJ") held a hearing on October 8, 2014, at which Ms. Sutton was represented by counsel.  (Tr. 26-47).  Following the hearing, the ALJ determined that Ms. Sutton was not disabled within the meaning of the Social Security Act during the relevant time frame.  (Tr. 9-24).  The Appeals Council denied Ms. Sutton's request for review, (Tr. 1-5),

so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Sutton suffered from the severe impairment of degenerative disc disease.  (Tr. 14).  Despite this impairment, the ALJ determined that Ms. Sutton retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b).  She can occasionally climb ramps and/or stairs, but can never climb ladders, ropes, or scaffolds.  She can occasionally balance, stoop, kneel, crouch, and crawl.  She can have occasional exposure to extreme cold, vibration, and hazards.

(Tr. 15).  After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Sutton could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled.  (Tr. 18-19).

Ms. Sutton disagrees.  She raises two primary arguments on appeal.  First, she argues that the ALJ improperly weighed the medical opinion evidence.  Second, she argues that the ALJ's credibility findings were unsupported by substantial evidence.  Each argument lacks merit for the reasons discussed below.

Ms. Sutton first argues that the ALJ assigned too little weight to the opinion of her treating physician, Dr. Gopez.  Pl. Mot. 9-10.  The ALJ assigned "no weight" to Dr. Gopez's opinions, citing inconsistency with his own treatment notes.  (Tr. 17).  In support of that conclusion, the ALJ cited to portions of Dr. Gopez's treatment notes throughout the opinion, including the fact that Ms. Sutton was most often seen for diabetes management, and the fact that she reported in 2014 feeling "well" with "minor" complaints and full muscle strength.  (Tr. 17).  The ALJ also reported that Ms. Sutton was not seen for six months in 2014 by her pain management doctors because she was doing well.  (Tr. 17).  Ms. Sutton points this Court to other records she believes to corroborate Dr. Gopez's opinions about her limitations.  Pl. Mot.  9-10.  However, even in light of that other evidence, this Court's role is not to reweigh the evidence or

to substitute its judgment for that of the ALJ, but simply to adjudicate whether the ALJ's decision was supported by substantial evidence. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).  In light of that standard and the substantial evidence the ALJ cited in support of his assessment, remand is unwarranted.

Ms. Sutton further objects to the assignment of great weight to the opinion of a non-examining physician, Dr. Serpick.  Ms. Sutton suggests that reliance on Dr. Serpick's opinion is inappropriate because he is a non-examining physician and because he reviewed the file in 2013, before some of the evidence was incorporated therein.  Pl. Mot. 10-11.  However, reliance upon the opinion of a non-examining physician is precluded only where "it is contradicted by all of the other evidence in the record."  *Smith v. Schweiker*, 795 F.2d 343, 348 (4th Cir. 1986).  Here, as noted above, there is evidence both supporting and undermining a finding of disability.  The ALJ was therefore permitted to rely upon the opinion of the non-examining physician, since there was some evidence to support his conclusions.  The 2013 date of Dr. Serpick's opinion also does not provide a basis for assigning it reduced weight.  His opinion provided insight into Ms. Sutton's condition as of the date of the report, which well post-dated Ms. Sutton's alleged disability onset date of May 28, 2010. A medical opinion is no less valid simply because it does not consider developments that may have occurred subsequent to its drafting. In fact, in this case, the evidence the ALJ cites to reflect that Ms. Sutton's condition improved in 2014 further bolsters the ALJ's decision to assign great weight to an opinion establishing her condition in 2013.

Ms. Sutton's final argument is that the ALJ erred in finding her testimony to be less than credible.  Pl. Mot. 12-14. Social Security regulations provide a two-step framework for considering subjective complaints.  First, the ALJ determines whether "medical signs or laboratory findings show that a medically determinable impairment(s) is present."  20 C.F.R. §§

404.1529(b), 416.929(b).  The ALJ then evaluates the intensity and persistence of the claimant's symptoms by considering the record of evidence in its entirety.  *Id.* at §§ 404.1529(c), 416.929(c).  In doing so, the ALJ considers the objective medical evidence, as well as other evidence including the claimant's daily activities, the frequency and intensity of pain and other symptoms, precipitating and aggravating factors, the effectiveness of medication and other treatment methods, and other factors regarding functional limitations or restrictions due to pain or other symptoms.  *Id.*

As noted above, in Ms. Sutton's case, the ALJ cited to multiple medical records to support his conclusions, including the records from the pain management specialist showing no motor or sensory deficit and the lack of treatment in 2014, the records from Dr. Gopez showing that treatment was sought most often for diabetes and not neck or back pain, and the fact that the records did not support Plaintiff's testimony that she had experienced her alleged limitations "with no notable change since her surgery in 2010."  (Tr. 17).  The ALJ further weighed the opinions of various medical sources, as discussed above.  While Ms. Sutton understandably disagrees with the outcome, it is clear that the ALJ reviewed all of the evidence of record in weighing Ms. Sutton's credibility and addressed the evidence pursuant to the applicable Social Security regulations.  Accordingly, I find no basis for remand, and recommend that the Court affirm the Commissioner's decision.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1.  the Court GRANT Defendant's Motion for Summary Judgment [ECF No. 16];

2.  the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 11];

3.  the Court AFFIRM the Commissioner's judgment pursuant to sentence four of 42

U.S.C. § 405(g); and

4. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  December 15, 2016                        _____/s/_____
                                                 Stephanie A. Gallagher
                                                 United States Magistrate Judge